STEPHEN R. COOK *vs.* METROPOLITAN RAILROAD COMPANY.

The horses attached to a street railway car were unable to pull the car, with its load of passengers, from a ferry boat up the steep, wet and slippery ascent of the drop, and stopped when part way up, and the car was held by the brake. An extra horse was usually in readiness to help pull cars up the drop, but on this occasion there was none, and the driver, after endeavoring to procure other horses, unfastened the brake and started his horses, which were unable to pull up the car, and it began to run back. The driver applied the brake, but could not stop the car, and it came upon the plaintiff's horses, which were following behind, attached to a wagon and driven by the plaintiff. The plaintiff started from the boat as soon as the car was out of the way, his horses then being about ten feet behind the car; and at the time the car began to run back they were about twenty feet behind. The plaintiff backed as far as he could, but, another team being behind him, he was unable to get out of the way, and the car came upon his horses and injured them. *Held*, in an action against the street railway company to recover damages for this injury, that there was evidence sufficient to go to the jury of negligence on the part of the defendants, and of the exercise of due care by the plaintiff.

TORT against a street railway company for injury done to the plaintiff's horses, harnesses and wagon, under the following circumstances, which the plaintiff's evidence tended to prove at the trial before *Russell*, J., in the superior court:

In the afternoon of November 2, 1865, the plaintiff was going to East Boston in a covered wagon, driving two horses, and went on board of the East Boston ferry boat. The tide was very low, and the day was rainy. A street car of the defendants, quite full of passengers, was on board of the boat, in front of the plaintiff. When the boat reached East Boston, the drop was very steep, and the track wet and slippery. The horses attached to the car, after pulling it part way up the drop, stopped, and the

driver applied the brake and held the car stationary. The plaintiff, being about ten feet behind the car at the time of its starting, followed after it, and another team followed after him. The defendants usually had an extra horse there to help pull cars up the drop, but on this occasion there was none, the horse having run off to the stable. The driver called to the driver of another horse car, who was waiting to go down the drop, to put his horses on to help pull the car up the drop, but the latter said that his horses would not pull, and either he or the conductor told the driver that he could get up the drop himself, whereupon he unfastened his brake, and the car began to go back, when he applied his brake again, which was in good order, but was unable to stop the car, and it ran back upon the plaintiff's horses. The plaintiff tried to get out of the way when he saw the car coming back, but could not do so, in consequence of the other team being behind him. The tide rises and falls about eleven feet there, the drop was about one hundred feet long, and cars often run back and heavy teams often have difficulty in going up the drop; and one witness testified, " When we are behind a car, we wait until it gets out of the way." The plaintiff testified to facts showing that he saw the condition of things there, before the accident.

The bill of exceptions recited the evidence in detail, but the above summary shows the substance of it. The defendants asked the court to rule that the plaintiff had failed to prove that he was in the exercise of due care, or that the defendants were guilty of negligence; and that on the evidence he could not maintain his action. But the judge refused so to rule; the jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*E. D. Sohier*, ( *W. Gaston* with him,) for the defendants. 1. The plaintiff did not show that he was in the exercise of due care. He was on a ferry boat, with another vehicle behind him, which he knew would follow him up the drop, and prevent him from backing in case he should find it necessary to do so. He saw the condition of things there, which made it dangerous for him to follow up the drop till the car had completed the ascent.

Yet he followed closely after the car. It was notorious and ob vious that cars would often run back. The usual and proper course was to wait. The plaintiff's own evidence therefore shows that he was careless. *Gahagan* v. *Boston & Lowell Railroad Co.* 1 Allen, 190. *Todd* v. *Old Colony & Fall River Railroad Co.* 3 Allen, 21. *Wilson* v. *Charlestown,* 8 Allen, 137. *Butterfield* v. *Western Railroad Co.* 10 Allen, 532.

2. There was no proof of negligence on the part of the defendants. The extra horse had run away that very afternoon. The escape of this horse was the original cause of the accident, but there was no proof that the defendants' servants were guilty of negligence in this, and it was a casualty to which every one is liable without fault. *Sullivan* v. *Scripture,* 3 Allen, 564. The immediate cause was the failure of the horses to pull up the car when the driver started them; but the driver did his best to stop the car from going back, and the brake was a good one. This shows no negligence. The whole transaction was merely an accident. If there was any blame, it belonged to the ferry company.

*G. A. Somerby,* for the plaintiff.

By the Court. This case was properly submitted to the jury.

1. There was evidence of due care by the plaintiff. He did not drive immediately in the rear of the defendants' car, but took the precaution of holding back so that there was a space of twenty feet between his horse and the car. We cannot say that this did not show ordinary prudence under the circumstances, or that he ought reasonably to have supposed that the driver of the car had attempted to pass over the slip of the ferry with horses of such insufficient strength or unwilling disposition that they would not be likely to draw the car out of his way.

2. There was strong evidence of the negligence of the defendants, both in omitting to have an additional horse to aid in pulling the car over the slip, as was usual under the circumstances, and also in the act of the driver in lifting his brake so as to permit the car to slide backwards. It was this negligence, and not any act or omission of the ferry company, which was the proximate cause of the accident.　　　*Exceptions overruled*